UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-507-FDW

| TELEMANCHUS MONTE BESS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| FNU HASSAM; NC DEPARTMENT OF PUBLIC SAFETY; LANESBORO CORRECTIONAL INSTITUTION, | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is a prisoner of the State of North Carolina following his conviction for having attained the status of a habitual felon. Plaintiff's projected release date is April 28, 2018.

In his pro se complaint, Plaintiff alleges he began to suffer a number of health problems—black outs, headaches, hypertension, among others—following a concussion he sustained while incarcerated at the Central Prison in 2011. In January 2013, Plaintiff was transferred to Lanesboro Correctional where he began to see Defendant Hassam for certain medical issues. During the time he has been housed at Lanesboro, Plaintiff alleges that he suffered several injuries due to blackouts, muscle spasms, and pain in his hands, face, neck and foot.

1

Plaintiff contends that the treatment he has received is deliberately indifferent to what he asserts are serious medical needs. Attached to his complaint is a copy of a Step One grievance which is some 18-pages in length. In responding to Plaintiff's complaint about various ailments, the screening officer states that Plaintiff has been addressing his concerns regarding headache, foot pain, and surgery. Plaintiff does not provide any information regarding whether he has participated further in the administrative remedy procedure.

## II.  STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this initial review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (2).

## III.  DISCUSSION

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v.

Churner, 532 U.S. 731, 739(2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he has fully exhausted his available state remedies within the state's administrative remedy procedure. However, the Court has examined the complaint and the record in this matter and it appears that Plaintiff has not in fact exhausted his administrative remedies as Plaintiff provides evidence of his participation in only step one of a three step administrative review of prisoner's complaints.

In his statement regarding exhaustion, while Plaintiff addresses his 18-page grievance which he filed in Step One, Plaintiff provides no information regarding his participation in any

3

further review from this grievance. At best, it appears that Plaintiff has provided documentation to show that he participated in Step One of the three steps in the Administrative Remedy Procedure ("ARP") administered by the Division of Adult Correction of the Department of Public Safety ("DPS"). <u>See</u> N.C. Gen. Stat. §§ 148.118.1-148.118.9 (Article 11A).

The Court finds that based on Plaintiff's own statements and the documents filed in this action that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies before filing this § 1983 lawsuit. The Court will therefore dismiss Plaintiff's complaint without prejudice for failure to comply with the mandatory exhaustion requirement of the PLRA.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: October 17, 2013

Frank D. Whitney
Chief United States District Judge